THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FELIPE DURÁN-SEIJÓ, et al.,**

    **Plaintiffs,**

    v.

**AUTOPISTAS DE PUERTO RICO Y COMPAÑÍAS S.E., INC.,**

    **Defendant.**

**Civil No. 17-1159 (ADC)**

**OPINION AND ORDER**

On February 2, 2017, defendant Autopistas de Puerto Rico y Compañías S.E., Inc., timely removed this civil action from the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, on the ground that the purported state-law claims of plaintiffs Felipe Durán Seijó, Enrique Santini Torres, and Rex Fuentes Ríos are, in fact, artfully-pleaded federal-law claims. **ECF No. 1**. On March 24, 2017, plaintiffs moved the Court to remand the action, arguing that their state-law claims are, indeed, just state-law claims. **ECF No. 14**. Defendant has responded in opposition to the motion. **ECF No. 15**. The Court now denies the motion to remand.

On November 3, 2016, plaintiffs commenced this action against defendant, their former employer, by filing a complaint alleging that defendant violated Puerto Rico law—specifically, P.R. Laws Ann. tit. 29, § 185j (Law 80)—when it withheld their Federal Insurance Contributions Act (FICA) tax from their statutory severance pay (or "mesada") for having been fired allegedly

without cause, even though those withholdings occurred pursuant to the terms of a settlement agreement.[1]  See **ECF No. 7-1**.  In its notice of removal, defendant argues that the complaint has "artfully pleaded what is clearly a FICA refund claim as [a] state-law claim . . . under [Law] 80 in order to circumvent federal jurisdiction."  **ECF No. 1**, at ¶ 9.  Citing the U.S. Supreme Court's decision in *United States* v. *Quality Stores, Inc.*, 134 S. Ct. 1395 (2014), defendant points out that severance payments made to employees, like plaintiffs, terminated against their will generally constitute taxable wages subject to withholding under FICA.  *Id.*, at ¶ 10.  In their motion to remand, plaintiffs contend that they are simply pursuing their right to full severance pay under Law 80 and that, in any event, Puerto Rico law does not view severance pay as taxable wages, but as compensation for a wrongful dismissal.  **ECF No. 14**, at 2–4.  Finally, in their opposition to the motion to remand, defendants reiterated their artful-pleading argument.  **ECF No. 15**.

The Court finds that Law 80, which requires severance pay without any tax withholdings, and 26 U.S.C. § 3102(a), which requires employers to withhold FICA taxes from severance pay (except under limited circumstances that appear irrelevant here), stand in irreconcilable conflict. Under the circumstances of this suit, "compliance with both state and federal law is impossible," or, at the least, "the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Telecomms. Reg. Bd. of P.R.* v. *CTIA–The Wireless Ass'n*, 752 F.3d 60, 64 (1st Cir. 2014) (quoting *Weaver's Cove Energy, LLC* v. *R.I. Coastal Res. Mgmt.*

---

[1] Law 80, P.R. Laws Ann. tit. 29, § 185j, provides in relevant part: "No payroll deduction whatsoever shall be made on the indemnity provided [under] this title, and the employer must hand the total amount thereof, completely, to the employee."

*Council*, 589 F.3d 458, 472–73 (1st Cir. 2009)).  Accordingly, it appears that federal-tax law has preempted Law 80 when it comes to withholding FICA taxes from severance pay.  But ordinary preemption "is merely a *defense* and is not a basis for removal." *Fayard* v. *Ne. Vehicle Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008) (citing *Gully* v. *First Nat'l Bank*, 299 U.S. 109, 115–16 (1936)).

Defendant, however, is arguing not only that federal-tax law has preempted plaintiffs' Law 80 remedy, but that plaintiffs' Law 80 claims are, in fact, artfully-pleaded tax-refund claims over which the Court has federal-question jurisdiction.  See **ECF No. 1** (notice of removal); see also *López-Muñoz* v. *Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) (holding that a court's inquiry into "whether federal jurisdiction exists . . . is cabined by the notice of removal.").  "A federal question exists when the action is one 'arising under the Constitution, laws, or treaties of the United States." *López-Muñoz*, 754 F.3d at 4 (quoting 28 U.S.C. § 1331).  Whether a claim 'arises under' federal law "is informed by the well-pleaded complaint rule, which 'requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint.'" *Id*. (quoting *R.I. Fishermen's All., Inc.* v. *R.I. Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009)).  "As a general matter, this rule envisions 'that the plaintiff is master of his complaint and that a case cannot be removed if the complaint's allegations are premised only on local law.'" *Id*. (quoting *Negron-Fuentes* v. *UPS Supply Chain Sols.*, 532 F.3d 1, 6 (1st Cir. 2008)).

"But the general rule that gives birth to these principles . . . admits of exceptions." *Id*., at 5.  "One such exception is embodied in the artful pleading doctrine, which is designed to prevent a plaintiff from unfairly placing a thumb on the jurisdictional scales." *Id*.  "To this end, the artful

pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented." *Id.* (citing *Rivet* v. *Regions Bank*, 522 U.S. 470, 475 (1998)). "When such a glimpse reveals that a federal statute entirely displaces the local-law causes of action pleaded in the complaint, a hidden core of federal law sufficient to support federal jurisdiction emerges." *Id.* (citing *Beneficial Nat'l Bank* v. *Anderson*, 539 U.S. 1, 8 (2003)). "In such a case, the plaintiff's claims are deemed 'federal claims in state law clothing and, to defeat artful pleading, the district court can simply "recharacterize" them to reveal their true basis.'" *Id.* (quoting *Negron-Fuentes*, 532 F.3d at 6).

The Court agrees with defendant that plaintiffs' Law 80 claims contain "a hidden core of federal law sufficient to support federal jurisdiction." See *id.*; see also *Berera* v. *Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015) (finding that the plaintiff's "purported state-law wage claims are truly a FICA refund claim."). Indeed, the complaint is clear that the basis of plaintiffs' purported Law 80 claims is their allegation that "[t]he act of withholding amounts from each plaintiff's severance pay for social security and Medicare was a unilateral and unlawful act on the part of [defendant]" because Puerto Rico law provides that severance pay "'is not subject to any payroll deductions whatsoever, *including those for federal social security.*'" See **ECF No. 7-1**, at ¶¶ 18–19 (emphasis in original) (quoting *Vélez Cortés* v. *Baxter*, 179 D.P.R. 455, 466 (P.R. 2010) (plaintiffs' translation)). Accordingly, plaintiffs are using Law 80 to demand from defendant a refund of their FICA-tax withholdings. But that claim is nothing more than an artfully-pleaded FICA-refund claim over which the Court has original jurisdiction. See *Berera*, 779 F.3d at 358.

After all, if plaintiffs' severance pay warranted FICA-tax withholdings, it was because of federal law. See 26 U.S.C. § 3102(a). On the other hand, if plaintiffs' severance pay was exempt from such withholdings, it was again because of federal law. See, e.g., 26 U.S.C. § 3121(a)(13)(A). And, if plaintiffs believe that FICA taxes were wrongfully withheld, their cause of action is a federal one for a tax refund. See 26 U.S.C. § 7422. A wrinkle in this analysis may occur, however, were it to turn out that defendant did not remit plaintiffs' FICA-tax withholdings to the federal internal-revenue service. At the moment, though, there are no such allegations.

In conclusion, the Court hereby **DENIES** plaintiffs' motion to remand, **ECF No. 14**. The Court **ORDERS** a qualified representative of defendant with personal knowledge of the matter, as well as defendant's counsel, to certify, under Federal Rule of Civil Procedure 11, whether defendant has remitted, in whole or in part, the amount withheld from each plaintiff's severance pay to the federal internal-revenue service, specifying the amount and date of each remittance and including any supporting documentation. The Court also **ORDERS** defendant to file a new answer to the complaint, as befits this action's new venue, and also any applicable motion under Federal Rule of Civil Procedure 12(b). The Court will give defendant twenty-one (21) days from the publication of this Order to comply with the above mandate.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**